UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT KAYWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID KILGORE, et al.,<br><br>    Defendants. | No.  2:24-cv-00931-DJC-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In screening a complaint the Court is guided by the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant should be given leave to amend the complaint, and some notice of the deficiencies, unless it is clear the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

B. The Complaint

Plaintiff's Complaint is 133-pages long and is a mishmash of various documents. ECF No. 1. It is titled as a "notice of request for removal," and the first six pages are largely blank. At page seven, Plaintiff requests removal of a family court matter to the Northern District of California. The Complaint is convoluted and contains frivolous assertions such as there have been no courts or judges in America since 1789. ECF No. 1 at 20. Some of the documents submitted as the Complaint pertain to child support. Plaintiff has also attached various state court documents and receipts.

C. Analysis

The Complaint does not contain a short and plain statement of the basis for federal jurisdiction, nor does it contain a short and plain statement showing that plaintiff is entitled to relief. There is no apparent basis for federal jurisdiction in the documents that Plaintiff submitted as his Complaint.

The Complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plaint statement showing plaintiff's entitlement to relief. The exact nature of what happened to Plaintiff is unclear from the Complaint. Plaintiff names three Defendants on page one, but is unclear what they allegedly did or what relief Plaintiff seeks. The court cannot tell from examining the complaint what legal wrong was done to Plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks.

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted. Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the

////

complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If Plaintiff chooses to amend the Complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4

     Plaintiff should bear in mind when amending the complaint that he must assert a basis for federal jurisdiction.  It appears that Plaintiff's Complaint seeks to challenge a state court family matter, perhaps an award of child support. If that is what Plaintiff asserts, then this court would lack jurisdiction. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case."). Family law and child support proceedings are traditional matters of state law for determination in state court, and Plaintiff has not to this point alleged any basis for federal jurisdiction. *See Scharfenberger v. Jacques*, 2020 WL 589421 (E.D. Cal. Feb. 6, 2020) ("The court is without jurisdiction over plaintiff's claims under the 'domestic relations' exception to federal jurisdiction because they concern child support payments, which are exclusively matters of state law.") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992)).

     Plaintiff should also consider whether he has pursued this action in the proper venue. Plaintiff's address is in Oakland, which is in the Northern District of California. There is at least one statement in the documents submitted at ECF No. 1 that appears to show that Plaintiff wants the case to be in the Northern District of California. ECF No. 1 at 7. The allegations of the Complaint are too sparse to ascertain if venue is proper.  Plaintiff should consult 28 U.S.C. § 1391 to ascertain the proper venue.

     In conclusion, Plaintiff's Complaint fails to comply with Rule 8 and fails to state a claim upon which relief can be granted. Plaintiff has submitted a mishmash of documents that appear to have something to do with child support proceedings in state court. It appears that federal subject matter jurisdiction is lacking. However, because Plaintiff is proceeding pro se and the allegations are unclear, the court will allow an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to

amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: September 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE