UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT KAYWOOD, | No. 2:24-cv-00931-DJC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID KILGORE, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Upon the screening of Plaintiff's First Amended Complaint, this action should be dismissed without further leave to amend.

**I.   Background and Procedural History**

On September 18, 2024, this Court screened the complaint per the screening process required by the IFP statute, 28 U.S.C. § 1915, and concluded the complaint failed to comply with Federal Rule of Civil Procedure 8, failed to plead a sufficient basis for jurisdiction, and failed to state a claim. ECF No. 4. The screening order further set forth that if Plaintiff was attempting to challenge a state court award of child support, this Court would lack jurisdiction to review it under the *Rooker Feldman* doctrine. ECF No. 4 at 5. The Court's order allowed Plaintiff 30 days to file an amended complaint that cured the deficiencies and stated the amended complaint "must

include a sufficient jurisdictional statement and comply with Rule 8." ECF No. 4 at 6. The Order warned that noncompliance may result in a recommendation of dismissal. *Id.*

On October 16, 2024, Plaintiff responded to the Order by filing a motion for leave to file electronically (ECF No. 5) and motion for summary judgment (ECF No. 6). On October 29, 2024, this Court issued an Order to Show Cause which directed Plaintiff to show cause why the action should not be dismissed for lack of federal subject matter jurisdiction and/or failure to state a claim. ECF No. 7. The Order warned: "If Plaintiff fails to file an amended complaint, the Court will recommend that the action be dismissed." ECF No. 7. Plaintiff responded by contacting the Clerk's Office on October 30, 2024, and asking the Clerk's office to change the name of his motion for summary judgment to "amended complaint and motion for summary judgment." Plaintiff then filed a Notice confirming that he had contacted the Clerk's office, stating there was a "clerical error" in the original description of ECF No. 6 and requesting the name of the document be changed to include "amended complaint."

**II.     Analysis**

The Court will construe Plaintiff's "Amended Request and Request for Summary Judgment under Judicial Notice Constitutional Rights and Protections or (a Speedy Trial by Impartal [sic] Jury" (ECF No. 6) as the first amended complaint (hereafter "FAC"). The FAC does not cure the deficiencies set forth in the Court's prior screening order. The FAC does not contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims are not set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

Plaintiff states that in 2003 he was made aware of an unconstitutional *ex parte* meeting. FAC at ¶ 2. Plaintiff states his daughter was treated as property of the state and his parental rights were infringed. *Id.* at ¶ 3. During some vaguely described prior judicial proceeding, Plaintiff was removed from the courtroom. *Id.* at ¶ 4. Plaintiff claims that the Department of Child Support Services violated his constitutional rights by placing his daughter into the public system. *Id.* at ¶

2

6. Plaintiff alleges he was compelled to submit to drug testing and his ability to travel was restricted. *Id.* at ¶¶ 7-8. Plaintiff does not allege who compelled him, or how or why his ability to obtain a driver's license or travel was impaired. Plaintiff then alleges that when he obtained and reviewed the court file years later, he discovered that "no fees were to be charged"—which the Court understands to be an allegation that the court file indicated he *should not have been* charged fees in that case—and that "is the basis for the current court action." *Id.* at ¶¶ 9-10. Paragraphs 11 thru 15 of the FAC then largely repeat the allegations of paragraphs 6 thru 10. Plaintiff requests damages in the amount of $9,000 per minute as his "fee rate" for the time he has spent in court and preparing this case. Plaintiff attaches to the FAC nearly 40 pages of what are largely illegible copies of state court pleadings, apparently from a Solano County Superior Court family court proceeding.

Plaintiff has not addressed the deficiencies raised in the earlier screening order (ECF No. 4). The FAC fails to comply with Rule 8 and fails to state a claim. There are no allegations in the FAC about specific defendants. There is no jurisdictional statement to address the Court's concerns about subject matter jurisdiction. Plaintiff appears to complain of state family court proceedings. If that is what Plaintiff asserts, then this court would lack jurisdiction. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *See also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Family law and child support proceedings are traditional matters of state law for determination in state court, and Plaintiff has not adequately alleged a basis for federal jurisdiction. *See Scharfenberger v. Jacques*, 2020 WL 589421 (E.D. Cal. Feb. 6, 2020) ("The court is without jurisdiction over plaintiff's claims under the 'domestic relations' exception to federal jurisdiction because they concern child support payments, which are exclusively matters of state law.") (*citing Ankenbrandt v. Richards*, 504 U.S.

3

689, 702-04 (1992)).

Additionally, due to the vagueness of Plaintiff's FAC, it is unclear when the events of which he complains occurred. However, Plaintiff does make reference to proceedings in 2003. To the extent Plaintiff is attempting to assert a constitutional violation under § 1983, the statute of limitations for such claim in California is two-years. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."); *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).

As the Court advised in the earlier screening order, in order to state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant should be given leave to amend the complaint, and some notice of the deficiencies, unless it is clear the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Further leave to amend should not be granted. Plaintiff's original Complaint was 133-pages long and a mishmash of various documents. ECF No. 1. It appeared that Plaintiff may have been requesting to remove a family court matter to federal court and some of the documents submitted with the Complaint pertained to child support. The Complaint was convoluted and contained frivolous assertions such as there have been no courts or judges in America since 1789. ECF No. 1 at 20. The FAC contains further positions baldly unsupported by law, such as seeking $9,000 per minute in damages for his work on this case. Most significantly, it is clear that Plaintiff wants this court to second guess in some way a state court judgment in a family law matter, and one that may be decades old. For reasons explained in the prior screening order and above, the Court lacks jurisdiction to do that. The Court concludes that granting further leave to amend would be futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049,

1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

### III.  Conclusion

The FAC thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing Plaintiff's entitlement to relief.  The exact nature of what happened to Plaintiff is unclear from the FAC.  There are no allegations as to any specific defendant.  The court cannot tell from examining the FAC what legal wrong was done to Plaintiff, by whom and when, or how any alleged harm is connected to the relief Plaintiff seeks. It also appears that Plaintiff seeks to have this Court do something that it is not permitted to: review a state court family law judgment.

Accordingly, the FAC does not establish federal jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  Having previously granted leave to amend, the Court determines that further leave to amend would be futile.

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's First Amended Complaint (ECF No. 6) be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further leave to amend, and to the extent Plaintiff seeks summary judgment (ECF No. 6) that motion be DENIED;
2. Plaintiff's motion for leave to file electronically (ECF No. 5) be DENIED as moot on account of the prospective dismissal of this action; and
3. The Clerk be directed to close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: December 26, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE